SALCINES, Judge.
Meece appeals the judgment imposed pursuant to his plea of no contest to possession of a firearm by a convicted felon. He specifically challenges the denial of his dispositive motion to suppress, a claim which he expressly reserved for appeal. We reverse.
On the morning of March 28, 1997, law enforcement officers arrived at Meece’s mobile home in search of a fugitive, Mary Crow. Meece informed the officers that Ms. Crow had been at the mobile home the night before, but that she had left. The officers asked if they could pat-down Meece and he stated that they could. The officers asked if they could search for Ms. Crow and Meece consented to the search. The officers initially limited their search to areas in which a person could hide. They did not find Ms. Crow. They asked Meece if he had any weapons on the premises. Meece then voluntarily took the officers to a room in the mobile home in which he kept two antique firearms and he displayed them for the officers. When asked if he had any other weapons, Meece indicated that he did not. The officers, however, had noticed some shotgun shells on a table near the sofa and knew that the shells would not have been used in the antique firearms. Meece was about to sit on the sofa when one of the officers lifted the cushions to discover the shotgun which was the subject of the motion to suppress.
*320 The officers justified the further search of the couch as being a “protective sweep.” Protective sweeps are searches for individuals only, used incident to an arrest, which allow officers to “look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched.” Runge v. State, 701 So.2d 1182, 1183 (Fla. 2d DCA 1997). In the present case, no arrest was taking place and it was unlikely that an individual would have been hiding under the cushion of the sofa. Also, no exigent circumstances or search warrants existed to allow the officers to search the home. Finally, the scope of the search clearly exceeded the consent given. Thus, the trial court erred in denying the motion to suppress.
Reversed and remanded for further proceedings consistent herewith.
PATTERSON, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.